**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **LENORRIS T. BUTLER,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 5:13-cv-75 (MTT) (CHW) |
| | : | |
| Warden **GRADY PERRY**, *et al.*, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondents. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Now before the Court is a Motion to Dismiss filed by Respondent, Brian Owens. (Doc. 7). Respondent contends that Petitioner's § 2254 habeas petition is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). Because Petitioner failed to file his petition within AEDPA's one-year limitations period, and because Petitioner has failed to show that he is entitled to equitable tolling, it is **RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, and that the instant petition be **DISMISSED**.

## BACKGROUND

On December 11, 2007, Petitioner was indicted by a Houston County grand jury for "trafficking in cocaine, obstruction of a law enforcement officer and fleeing or attempting to elude a law enforcement officer." (Doc. 11-6, p. 1). Pursuant to a negotiated agreement, Petitioner pled guilty to the "trafficking cocaine" and "fleeing or attempting to elude" charges on December 1, 2008. (Doc. 11-10, p. 1). A judgment of *nolle prosequi* was entered on the "obstruction" charge, and petitioner filed no direct appeal. (Doc. 11-6, pp. 1-2).

On August 31, 2009, Petitioner filed a state habeas corpus petition raising eleven grounds for relief. (*Id.*). The state habeas corpus court found that Petitioner had waived all known and unknown defenses by entry of a guilty plea. (*Id.*, p. 4). The court also found that Petitioner "failed to prove that his attorney's performance was deficient, or that prejudice resulted from the alleged errors or omissions of counsel." (*Id.* p. 7). Finally, the court found that Petitioner had entered his guilty plea "voluntarily . . . knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences." (*Id.* p. 10) (citing *U.S. v. Ruiz*, 536 U.S. 622, 629 (2009)). Accordingly, the court denied Petitioner's state habeas petition on August 20, 2011. (*Id.* p. 11).

Following the denial of his state habeas petition, Petitioner filed an application for a certificate of probable cause to appeal which was denied by the Georgia Supreme Court on April 24, 2012. (Doc. 11-8, p. 1). Petitioner filed the instant federal habeas corpus petition on February 2, 2013. (Doc. 1-1, p. 11).

## ANALYSIS

Respondent argues that Petitioner failed to file his federal habeas petition within AEDPA's one-year limitations period, and that the petition should therefore be dismissed. Because the petition was, indeed, untimely, and because equitable tolling is not warranted, it is recommended that Respondent's Motion to Dismiss be granted.

**(1) Petitioner's Petition is Untimely**

AEDPA provides, in relevant part:

a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . (A) the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1).

AEDPA further provides that the time during which a properly filed application for State post-conviction or other collateral review is pending shall not be counted toward the limitations period. 28 U.S.C. § 2244(d)(2).

A judgment of conviction was entered against Petitioner on December 1, 2008, (Doc. 11-10, p. 1), and his conviction became appealable on December 5.[1] Petitioner filed no direct appeal, (Doc. 14, p. 7), so his 1-year AEDPA limitations period began to run on January 4, 2009, upon the expiration of the 30-day appeal window provided for by O.C.G.A. § 5-6-38. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012). When Petitioner filed his state habeas corpus petition on August 31, 2009, thereby tolling AEDPA's limitations period, 239 days had already passed. (Doc. 11-6, p. 2). Petitioner's state habeas corpus petition was denied on August 20, 2011, (Doc. 11-6, pp. 1-11), and his timely application for certificate of probable cause to appeal was denied on April 24, 2012. (Doc. 11-8, p. 1). Accordingly, AEDPA's limitations period began to run again on April 25, 2012. By the time Petitioner filed the instant federal habeas corpus petition on February 2, 2013, a further 284 days had passed. Because Petitioner waited a total of 523 days to file his federal habeas corpus petition under 28 U.S.C. § 2254, his petition is untimely.

**(2) Equitable Tolling is Not Warranted**

Petitioner acknowledges that his petition is technically untimely, but he asks the Court to rule on the merits of his claim nonetheless. (Doc. 14, p. 1). Petitioner claims that his untimeliness is due to a lack of research materials and time, and also due to a misunderstanding of the relevant

---

[1] Respondent argues that Petitioner's 30-day appeal window did not begin to run until December 5, 2008, the day Petitioner's sentence was amended. (Doc. 7-1). The portion of the record cited by Respondent is stamped as filed on December 5, 2008, but it is also dated as ordered on December 1, and as served on the Petitioner on December 4. (Doc. 11-10, pp. 1-2). Because Petitioner's federal habeas corpus petition is untimely regardless of the date used to determine when his 30-day appeal window began, Respondent's date of December 5 is used.

3

law. (*Id.*). Petitioner further claims that he was abandoned by his trial counsel. (Doc. 14, p. 7).

The doctrine of equitable tolling allows district courts to review untimely petitions, provided that a petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). Equitable tolling is "typically applied sparingly," and it is normally appropriate only where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002).

In the case at hand, the record indicates that Petitioner could have filed a timely petition if he had diligently pursued his rights. For example, Petitioner claims that a lack of legal materials and research time delayed the filling of his petition, but Petitioner should have first timely filed, and then later asked for relief through the prison grievance process or, if necessary, through a Court order. *See, e.g., Robinson v. Reynolds*, No. 1:08-cv-377 (MHT), 2010 WL 1416067 at *6 (M.D.Ala. Mar. 12, 2010) (citing *Robinson v. Johnson*, 313 F.3d 128, 143 (3rd Cir. 2002)). Similarly, Petitioner's argument that he was "prolonged by Houston County Superior Court . . . not providing Discovery and sentencing transcripts" is not persuasive because "petitioners are not required by 28 U.S.C. § 2254 or the Rules Governing § 2254 Cases to attach to their petitions, or to file separately, state-court records." *Pliler v. Ford*, 542 U.S. 225, 232 (2004). Finally, insofar as Petitioner argues that his own misunderstanding of the law caused his untimeliness, Petitioner fails to demonstrate the sort of "extraordinary circumstances" that would warrant equitable tolling. *See Reynolds v. McLaughlin*, No. 7:12-cv-140 (HL), 2013 WL 3756473 at *2 (M.D.Ga. July 15, 2013) ("unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling").

Although Petitioner argues that he was "abandoned" by his trial counsel, the record does not support Petitioner's argument. "[A] garden variety claim of excusable neglect . . . does not warrant equitable tolling." *Holland v. Florida*, 130 S.Ct. 2549, 2564 (2010). Here, Petitioner merely argues that there was "no direct appeal or withdraw[al] of [his] guilty plea . . . because of abandonment." (Doc. 14, p. 7). This allegation, without more, constitutes at most "excusable neglect" on the part of Petitioner's trial counsel. *Cf. Holland*, 130 S.Ct. 2564 (remanding for a determination of equitable tolling due to abandonment where a habeas petitioner "not only wrote his attorney numerous letters seeking crucial information and providing direction[, but] also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his attorney] removed"). Accordingly, equitable tolling is not warranted on the grounds of abandonment.

## CONCLUSION

Because Petitioner failed to file his federal habeas corpus petition within the one-year limitations period, and because Petitioner has failed to show that he is entitled to equitable tolling, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, and that Petitioner's § 2254 petition be **DISMISSED**. Additionally, Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of January, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
